**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1365-19T1

SAMUEL S. RAIA, TINA M. RAIA,
KIMBERLY RAIA NARDONE, TINA
T. RAIA, ANDREW RAIA, SAMUEL
S. RAIA FAMILY DYNASTY TRUST,
LAWRENCE A. RAIA, ELAINE RAIA,
JACQUELINE A. RAIA, JENNIFER T.
MARINO, LAWRENCE A. RAIA FAMILY
DYNASTY TRUST, JOSEPH S. RAIA,
ANNETTE RAIA, JOSEPH A. RAIA,
NADINE A. RAIA, JOSEPH S. RAIA
FAMILY DYNASTY TRUST, LAWRENCE
C. RAIA, ILLANA RAIA, LCR FAMILY
2012 TRUST, SAMUEL A. RAIA, BENITA
RAIA, SAR FAMILY 2012 TRUST, RAIA
PROPERTIES CORPORATION, and RAIA
CAPITAL MANAGEMENT,

     Plaintiffs-Appellants,

v.

COHNREZNICK LLP, J.H. COHN LLP,
IRA S. HERMAN, and JOSEPH A. TIGHE III,

     Defendants-Respondents.

_____

SAMUEL S. RAIA, TINA M. RAIA,
KIMBERLY RAIA NARDONE, TINA T.

RAIA, ANDREW RAIA, SAMUEL S. RAIA
FAMILY DYNASTY TRUST, LAWRENCE A.
RAIA, ELAINE RAIA, JACQUELINE A. RAIA,
JENNIFER T. MARINO, LAWRENCE A. RAIA
FAMILY DYNASTY TRUST, JOSEPH S. RAIA,
ANNETTE RAIA, JOSEPH A. RAIA, NADINE
A. RAIA, JOSEPH S. RAIA FAMILY DYNASTY
TRUST, LAWRENCE C. RAIA, ILLANA RAIA,
LCR FAMILY 2012 TRUST, SAMUEL A. RAIA,
BENITA RAIA, SAR FAMILY 2012 TRUST,
RAIA PROPERTIES CORPORATION, and
RAIA CAPITAL MANAGEMENT,

     Plaintiffs,

v.

LOWENSTEIN SANDLER LLP and ERIC
D. WEINSTOCK,

     Defendants.

_____

Argued telephonically June 3, 2020 –
Decided June 22, 2020

Before Judges Fuentes, Haas and Mayer.

On appeal from the Superior Court of New Jersey, Law
Division, Bergen County, Docket Nos. L-2262-18 and
L-0921-19.

Barry Coburn (Coburn & Greenbaum, PLCC) of the
District of Columbia Bar, admitted pro hac vice, argued
the cause for appellants (Schenck Price Smith & King,
LLP, and Barry Coburn, attorneys; Gary F. Werner,
Thomas Joseph Cotton, and Barry Coburn, on the
briefs).

2

Joan M. Schwab argued the cause for respondents (Saiber LLC, attorneys; Joan M. Schwab, Amy K. Smith, and Vincent C. Cirilli, on the brief).

PER CURIAM

Plaintiffs appeal from the Law Division's September 24, 2019 order granting defendants' motion to compel arbitration and dismissing plaintiffs' complaint with prejudice.  Plaintiffs also challenge the court's November 14, 2019 order denying their motion for reconsideration.  Because we conclude that the parties agreed to arbitrate their disputes and delegate issues of arbitrability to the arbitrator, we affirm.

The material facts of this matter are well known to the parties and can be briefly stated.  In 2012, plaintiff Raia Properties Corporation (Raia Properties) retained defendants' predecessor, J.H. Cohn LLP, now known as defendant CohnReznick LLP (CohnReznick), to perform estate planning services for it.  In turn, Raia Properties shared the information and advice it received from CohnReznick with the other plaintiffs, even though none of them were signatories to the agreement.[1]

---

[1]  Raia Properties also retained a law firm, Lowenstein Sandler LLP, to perform the legal work necessary to effectuate the estate plan.

3

A-1365-19T1

The Engagement Letter between the parties contained a broad arbitration clause governing any and all disputes raised by Raia Properties. The arbitration clause stated:

> If any dispute, controversy, or claim arising out of or relating to this agreement (including disputes regarding the breach, termination, validity or enforceability of this agreement) cannot be resolved by mediation (or the parties agree to waive that process), then the dispute, controversy or claim shall be finally resolved by arbitration in accordance with the International Institute for Conflict Prevention and Resolution ("IICPR") Rules for Non-Administered Arbitrations by a panel of three arbitrators, one chosen by each party, and the third selected by the two-party selected arbitrators. The arbitration shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., and judgment upon the award rendered by the arbitrators may be entered by any court having jurisdiction thereof. The arbitration hearings will take place in New York, New York, unless the parties agree to a different locale.
>
> . . . . In agreeing to arbitration, J.H. Cohn and you both acknowledge that in the event of any dispute (including a dispute over fees charged by J.H. Cohn), J.H. Cohn and . . . you are giving up the right to have the dispute decided in a court of law before a judge or jury and, instead, J.H. Cohn and you are accepting the use of arbitration for resolution.

In March 2018, plaintiffs filed a complaint against CohnReznick and two individuals associated with it (collectively CohnReznick), alleging malpractice

4

and breach of fiduciary duties.[2]  In response, CohnReznick filed a motion to compel Raia Properties to proceed to arbitration, and to dismiss the claims of the remaining plaintiffs.

Following oral argument, Judge Robert C. Wilson granted CohnReznick's motion to compel Raia Properties to proceed to arbitration, and dismissed plaintiffs' complaint against it.[3]  In a thorough written opinion rendered on September 24, 2019, Judge Wilson explained:

> The validity and enforceability of the Engagement Letter . . . should be decided by the arbitrators.  The Supreme Court has stated that "parties to an arbitration agreement can include a 'delegation clause' providing that the arbitrator, rather than the judge, will decide threshold issues, such as whether they agreed to arbitrate." Rent-A-Center, W., Inc. v. Jackson, 561 U.S. 63, 66, 72 (2010) (under [the Federal Arbitration Act (FAA), 9 U.S.C.A. §§ 1 to -16,] contract providing arbitrator with exclusive authority to resolve "interpretation, applicability, enforceability or formation" of Agreement, left challenges to validity of the contract to the arbitrator); Goffe v. Foulke Mgmt. Corp., 238 N.J. 191, 211 (2019) (recognizing that the

[2]  Plaintiffs also commenced legal action against Lowenstein Sandler, and the two actions were consolidated.  However, plaintiffs' claims against the law firm are not the subject of the present appeal.

[3]  In addition, the judge dismissed the claims of the remaining plaintiffs because they were not parties to the Engagement Letter and did not state a cognizable claim against CohnReznick.  On January 17, 2020, another panel of this court denied the remaining plaintiffs' motion for leave to appeal.  (Docket No. AM-0176-19).  Therefore, we do not address these claims further here.

Court has "acknowledged the legitimacy and applicability of the Rent-A-Center holding to delegation provisions in New Jersey arbitration agreements").

In the instant case, the Engagement Letter includes a "delegation clause" which states that "if any dispute, controversy, or claim arising out of or relating to this agreement (including disputes regarding the . . . validity or enforceability of this agreement) cannot be resolved by mediation . . . then the dispute, controversy, or [claim] shall be finally resolved by arbitration. . . [.]" The arbitration clause makes it clear that issues of validity or enforceability are reserved for the arbitrators.

Raising the same arguments that they unsuccessfully presented in opposition to CohnReznick's motion to dismiss, plaintiffs filed a motion for reconsideration, which Judge Wilson denied on November 14, 2019. "A motion for reconsideration is designed to seek review of an order based on the evidence before the court on the initial motion, R. 1:7-4, not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." Capital Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008) (citing Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996)). Thus, reconsideration should only be granted in those cases in which the court had based its decision "upon a palpably incorrect or irrational basis," or did not "consider, or failed to appreciate the significance of probative,

6                                                                    A-1365-19T1

competent evidence."  Granata v. Broderick, 446 N.J. Super. 449, 468 (App. Div. 2016) (Fusco v. Bd. of Educ. of City of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002)).

In keeping with these well-settled rules of analysis, Judge Wilson concluded that plaintiffs failed to "produce[] any evidence that the [c]ourt acted in an incorrect or irrational manner.  There is a signed agreement between the parties that contains an arbitration provision.  This requires the [c]ourt to send any disputes between the parties to arbitration."  This appeal followed.

On appeal, plaintiffs argue that "the trial court's order compelling arbitration and denying reconsideration should be reversed."  We review orders permitting or denying arbitration de novo because "[t]he enforceability of arbitration provisions is a question of law."  Goffe, 238 N.J. at 207.  Accordingly, we need not refer to the trial judge's "interpretative analysis" unless is it "persuasive."  Kernahan v. Home Warranty Admin. of Fla., Inc., 236 N.J. 301, 316 (2019).

Applying these principles, we reject plaintiffs' contentions and affirm the September 24, 2019 and November 14, 2019 orders substantially for the reasons set forth by Judge Wilson in his two written decisions.  We add the following comments.

A-1365-19T1

Arbitration is fundamentally a matter of contract. Rent-A-Center, 561 U.S. at 67. An agreement to arbitrate "must be the product of mutual assent, as determined under customary principles of contract law." Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 442 (2014) (quoting NAACP of Camden Cty. E. v. Foulke Mgmt., 421 N.J. Super. 404, 424 (App. Div. 2011)). The terms of an arbitration provision "should be read liberally in favor of arbitration." Garfinkel v. Morristown Obstetrics & Gynecology Assocs., P.A., 168 N.J. 124, 132 (2001) (quoting Marchak v. Claridge Commons, Inc., 134 N.J. 275, 282 (1993)).

In determining whether a matter should be submitted to arbitration, a court must first evaluate (1) whether a valid agreement to arbitrate exists, and (2) whether the dispute falls within the scope of the agreement. Martindale v. Sandvik, Inc., 173 N.J. 76, 86, 92 (2002). However, the FAA allows the second question, commonly known as "the threshold arbitrability question," to be delegated to the arbitrator. Henry Schein, Inc. v. Archer & White Sales, Inc., 586 U.S. ___, 139 S. Ct. 524, 529-30 (2019).

The Engagement Letter signed by Raia Properties and CohnReznick is valid. The dispute resolution provision in the agreement is contained in a separate paragraph, and its terms clearly and unambiguously mandate arbitration

A-1365-19T1

for "any dispute, controversy, or claim arising out of or relating to this agreement (including disputes regarding the breach, termination, validity or enforceability of this agreement)." The provision designates the arbitral forum, with venue laid in New York "unless the parties agree to a different locale." Accordingly, the arbitration provision is "succinctly stated, unambiguous, easily noticeable, and specific with regard to the actual terms and manner of arbitration." Curtis v. Cellco P'ship, 413 N.J. Super. 26, 37 (App. Div. 2010). We are therefore satisfied that the arbitration provision is valid.

We next address whether the parties' dispute falls within the scope of the Engagement Letter. Plaintiffs contend that the arbitration provision, its delegation clause, and other portions of the Engagement Letter are "unconscionable." However, these contentions plainly fall within the broad scope of the Engagement Letter's arbitration provision. As our Supreme Court has recognized, "when the parties' contract delegates the question of the arbitrability of a particular dispute to an arbitrator, a court may not override the contract, even if the court thinks that the argument that the arbitration agreement applies to a dispute is 'wholly groundless.'" Goffe, 238 N.J. at 211 (quoting Henry Schein, 568 U.S. at ___, 139 S. Ct. at 528-29). Therefore, we discern no

basis for disturbing Judge Wilson's reasoned determination to compel Raia Properties to proceed to arbitration.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1365-19T1